The opinion of the Court was delivered to the following effect by
Sedgwick, J.
(after stating the pleadings particularly.) It appears by this record that the bond declared on was not made in conformity to the order of the Court. The order of Court was, that the bond to be given, to entitle Ruggles and Loveland to a review, should be made to secure the payment of the judgment then in being. The bond was given to secure the payment of a judgment, which might be rendered on the review. The bond, by the oyer, has become part of the declaration; by which it appears, that, if Ruggles and Loveland should pay the judgment which might be recovered, the bond should be void. The obligors, [ * 514 ] Ruggles and Pepoon, then were bound that * Ruggles and Loveland should pay ; there was therefore nothing for the obligors to perform.
They plead, however, that they have performed all things on their part to be performed. This manifestly is no answer to tfie declaration. It is no affirmation that Ruggles and Loveland had paid ; which, under the circumstances of the case, is the only sufficient answer to the declaration, which the defendants could have made.
In this view of the case, we are all of opinion, that the plea is substantially defective; and the only question is, whether the defect is cured by the replication. The pleadings on both sides are unskilful and inartificial, but neither of the counsel are responsible for this.
The replication sets forth the judgment recovered on the trial of the review; the issuing of an execution on that judgment; its delivery to an officer to collect; his ineffectual application for that *431 purpose to ¡higgles, one of the judgment debtors and one of the defendants; that the other judgment debtor could not be found ; and notice to Pepoon, the other defendant. All this, except the judgment on the review, was wholly immaterial, and mere surplusage.
The replication then goes on to allege, in substance, that the judgment rendered on the review still remains in full force, not annulled, reversed, satisfied, or in any manner discharged. We are all inclined to believe, that this must be considered, under a general demurrer, as containing a substantial allegation that Ruggles and Loveland had not paid the judgment; and that therefore it shows sufficiently a breach of the condition.
But this is not necessary to be determined; as it is very manifest that the replication has no tendency to cure the defects of the plea.
It is consolatory, notwithstanding the badness of the pleadings, to come to a result, by which justice is done, by compelling the defendants to perform their contract.

Replication adjudged good.